# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BLUE RACER MIDSTREAM, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| KELCHNER, INC., | § | |
| | § | |
| Defendant/Third-Party Plaintiff, | § | Civil Action No. 3:16-CV-3296-K |
| | § | |
| v. | § | |
| | § | |
| PROFOAM, LLC | § | |
| | § | |
| Third-Party Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) by Third-Party Defendant ProFoam, LLC (Doc. No. 24). Since the motion to dismiss was filed, the Court ordered Third-Party Plaintiff Kelchner, Inc. to amend its Third-Party Complaint only as to the citizenship of Third-Party Defendant ProFoam, LLC's sole member. Because the amended complaint does not change or affect the legal issues presented in the motion to dismiss for lack of personal jurisdiction, the Court will construe the motion to dismiss the original third-party complaint as a motion to dismiss the first amended third-party complaint. After reviewing the motion, the response, the reply, and the

1

appropriate law, the Court **GRANTS** Third-Party Defendant ProFoam, LLC's motion to dismiss. Because ProFoam, LLC does not have continuous and systematic contacts with the forum state such that it is at home in Texas, the Court has no personal jurisdiction over ProFoam, LLC and must dismiss it from this case.

I. Background

On October 28, 2014, a pipeline explosion occurred in Monroe County, Ohio. As a result of this explosion, Blue Racer Midstream, LLC ("Blue Racer") filed suit against Kelchner, Inc. ("Kelchner"), alleging Kelchner and ProFoam, LLC caused the explosion by improperly applying polyurethane foam. Blue Racer filed this suit in Texas pursuant to a forum selection clause in the contract between Blue Racer and Kelchner. Originally, Blue Racer sued the wrong "ProFoam" entity and then dismissed its claims against that entity. Kelchner filed its Third-Party Complaint against the allegedly correct ProFoam entity, ProFoam, LLC ("ProFoam"). On the Court's order, Kelchner amended its complaint to clarify ProFoam's citizenship. In Kelchner, Inc's First Amended Third-Party Complaint ("Third-Party Complaint"), Kelchner states ProFoam's sole member is a citizen of Louisiana.

ProFoam is a Louisiana limited liability company because its sole member is an individual who is a citizen of Louisiana. Kelchner did not state in its Third-Party Complaint any facts indicating Texas courts have personal jurisdiction over ProFoam. ProFoam has alleged it is not subject to personal jurisdiction in Texas. ProFoam alleges it does not maintain any offices or employees in Texas, does not own or lease

property in Texas, and has no registered agent in Texas. ProFoam alleges the only connections it has to Texas are two pipeline projects in 2008–2009 that ProFoam worked on and that ProFoam receives requests for bids from Texas contractors for projects outside of Texas. Kelchner alleges ProFoam has entered into contracts with a Texas based company to perform projects in Ohio and Pennsylvania and has hired a Texas company to work on a ProFoam vehicle.

Because ProFoam argues it has very few contacts with Texas, ProFoam filed this motion to dismiss for lack of personal jurisdiction.

## II. Personal Jurisdiction

The Texas long-arm statute applies in this case. As the Texas long-arm statute has the same scope as the U.S. Constitution, this Court may only exercise jurisdiction over the Defendant if jurisdiction is consistent with the Due Process Clause. *See Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000). The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant "when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id*. at 214–15 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"Minimum contacts" can be established through either specific jurisdiction or general jurisdiction. *See Alpine View*, 205 F.3d at 215. Specific jurisdiction over a

nonresident corporation exists when that corporation has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise from or relate to those activities. *See id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). General jurisdiction exists when the nonresident defendant's contacts with the forum state are so substantial, continuous, and systematic "as to render it essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014). Contacts which are random, fortuitous, or attenuated do not count in the minimum contacts analysis. *See Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 610 (5th Cir. 2008).

Once the defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing the Court's jurisdiction over the defendant. *See Gundle Lining Constr. v. Adams Cty. Asphalt, Inc.*, 85 F3d 201, 204 (5th Cir. 1996); *see* FED. R. CIV. P. 12(b)(2). In its response to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff cannot stand on its pleadings, but must, through affidavits or otherwise, set forth specific facts demonstrating that the Court has jurisdiction. *See Revell v. Linov*, 317 F.3d 467, 469 (5th Cir. 2002).

When the Court does not conduct an evidentiary hearing, the party seeking to assert jurisdiction must present facts sufficient to make out a prima facie case supporting personal jurisdiction. *See Alpine View*, 205 F.3d at 215. The Court accepts as true that party's uncontroverted allegations, resolving in its favor all conflicts between the facts contained in the parties' affidavits and other documentation. *See id*.

4

However, the Court is not required to give credit to conclusory allegations, even if they are uncontroverted. *See Panda v. Brandywine Corp. v. Potomac Elec. Power Comp.*, 253 F.3d 865, 868–69 (5th Cir. 2001).

### A. The Parties Agree the Court Does Not Have Specific Jurisdiction Over ProFoam.

Kelchner concedes that ProFoam is not subject to specific jurisdiction in Texas given that ProFoam's sole member is a citizen of Louisiana and all the activity in this case occurred in Ohio or Louisiana.

### B. Kelchner Failed to Establish ProFoam Is at Home in Texas And So the Court Has No General Jurisdiction Over ProFoam.

Kelchner argues it established the Court has general jurisdiction over ProFoam or that Kelchner has at least made a preliminary showing of general jurisdiction sufficient to warrant limited jurisdictional discovery as to general jurisdiction. ProFoam argues Kelchner failed to set out sufficient facts to show ProFoam has continuous and systematic contacts with Texas such that ProFoam is at home in the forum state.

An out of state defendant meets general jurisdiction requirements when the defendant's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG*, 134 S. Ct. at 761. Because there must be extensive contacts between a defendant and the forum state, the continuous and systematic contacts test is difficult to meet. *Johnston*, 523 F.3d at 610. The purpose of requiring such extensive contacts with the forum state is to give

potential defendants the opportunity "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Finding that a court has general jurisdiction in "every State in which a corporation engages in a substantial, continuous, and systematic course of business" is "unacceptably grasping." *Daimler AG*, 134 S. Ct. at 761. "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Johnston*, 523 F.3d at 609. "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Id*. at 610.

Kelchner's Third-Party Complaint does not set out any facts indicating general jurisdiction over ProFoam exists and Kelchner's response to the motion to dismiss fails to show ProFoam has sufficient contacts with Texas to establish general jurisdiction or even warrant limited jurisdictional discovery. ProFoam's Finance and Administrative Manager stated in an affidavit that ProFoam worked on two Texas pipeline projects in 2008–2009, but these projects were unrelated to the parties and actions involved in this case. While Profoam receives requests for bids from Texas contractors for projects outside of Texas, the unilateral act of a third-party resident of the forum state to contact ProFoam for bids is not sufficient contact with the forum. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). Kelchner also alleges more contacts with Texas may exist as indicated by ProFoam

hiring a Texas company to work on a ProFoam vehicle; however, Kelchner did not allege where this work took place. Kelchner also alleges ProFoam entered contracts with a Texas based company to perform projects in Ohio and Pennsylvania. The fact that ProFoam happened to work with Texas companies in other states does not show ProFoam is at home in the forum state. These alleged contacts to Texas are not "so continuous and systematic as to render [ProFoam] essentially at home in the forum State." *Daimler AG*, 134 S. Ct. at 761.

Kelchner has not met the difficult standard required to show Texas has general jurisdiction over ProFoam. Kelchner requests the opportunity to take jurisdictional discovery, but Kelchner has not alleged sufficient facts to indicate discovery would provide evidence of "continuous and systematic" contacts with Texas. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). Because ProFoam does not have continuous and systematic contacts with Texas such that it is at home in the forum state, the Court does not have general jurisdiction over ProFoam. *See Daimler AG*, 134 S. Ct. at 762.

### C. Conclusion

Because Kelchner conceded the Court does not have specific jurisdiction over ProFoam and the Court does not have general jurisdiction over it, the Court does not have personal jurisdiction over ProFoam. *See id*. The Court **GRANTS** ProFoam's motion to dismiss for lack of personal jurisdiction and **DISMISSES** Third-Party Defendant ProFoam. *See id*.

**SO ORDERED.**

Signed February 21st, 2018.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE