IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLUE RACER MIDSTREAM, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:16-CV-3296-K |
| KELCHNER, INC., | § § | |
| Defendant/Third-Party Plaintiff, | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kelchner, Inc.'s Motion to Transfer Venue (Doc. No. 27). After carefully considering the motion, response, reply, and applicable law, the Court **DENIES** Defendant Kelchner, Inc.'s motion to transfer venue because the forum-selection clause is valid, enforceable, and public interest factors do not outweigh the bargained-for forum.

I. Background

Plaintiff Blue Racer Midstream, LLC ("Blue Racer"), a citizen of Delaware, Virginia, Texas, Oklahoma with its principal place of business in Texas, entered a contract with Defendant Kelchner, Inc. ("Kelchner") to perform services on a pipeline in Ohio. The contract included a forum-selection clause and a choice-of-law clause naming Dallas County, Texas, as the forum and choosing Texas law. On October 28, 2014, part of the pipeline exploded in Monroe County, Ohio. As a result of this

1

explosion, Blue Racer filed suit against Kelchner alleging it caused the explosion by improperly applying polyurethane foam to the pipeline. Blue Racer filed this suit in Texas pursuant to a forum-selection clause in the contract.

II.     **Legal Standard**

Section 1391 dictates where a plaintiff may properly bring a civil suit unless the parties negotiated a forum-selection clause. 28 U.S.C. § 1391. For venue purposes, a plaintiff limited liability company resides where it has its principal place of business. *See* § 1391(c); *see Penrod Drilling Co. v. Johnson*, 414 F.2d 1217, 1221 (5th Cir. 1969) (unincorporated entities are treated like corporations for venue purposes); *see Nayani v. Horseshoe Entm't*, No. 3:06-CV-01540-M, 2007 WL 1062561, *8 (N.D. Tex. Apr. 10, 2007) (Lynn, J.). The United States Supreme Court has established that when contracting parties enter a forum-selection clause, the "valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for Western Dist. of Tex.*, 134 S. Ct. 568, 581 (2013). The party seeking to defy the forum-selection clause bears the burden of establishing why the court should transfer the case to a different venue than the bargained-for venue. *See id*.

A forum-selection clause alters the usual venue transfer analysis because the court deems the private interest factors weigh in favor of the parties' preselected forum. *See id*. at 582; *see also* 28 U.S.C. § 1404(a). "A district court may consider arguments about public-interest factors;" however, the public interest factors "will

rarely defeat" the forum-selection clause. *Id*. The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

III. Analysis

Blue Racer filed this suit for state law claims of breach of contract, breach of warranty, negligence, and products liability in Dallas County state court pursuant to the forum-selection clause. Kelchner removed the case to this Court and now moves to transfer venue to the Southern District of Ohio. Kelchner argues the forum-selection clause is invalid based on an Ohio statute and the venue transfer analysis weighs in favor of transferring venue to Ohio. Blue Racer responds by arguing the forum-selection clause is valid and public interest factors do not outweigh the bargained-for forum.

A. The Forum-Selection Clause is Valid.

While the Supreme Court in *Atlantic Marine* assumed the forum-selection clause was valid, Kelchner argues the forum-selection clause here is invalid under Ohio state law and both private and public interest factors apply to determine if venue should be transferred to Ohio. *See* OHIO REV. CODE 4113.62(D)(2) (West 2017). Section 4113.62(D)(2) states forum-selection clauses are unenforceable when

3

the clause requires litigation of a construction contract relating to Ohio real estate be brought in another state. *Id*. Kelchner argues the court should apply Texas choice-of-law rules to determine the forum-selection clause is invalid under the Ohio statute, making the *Atlantic Marine* analysis inapplicable. However, Blue Racer argues the forum-selection clause is valid and the *Atlantic Marine* analysis applies, resulting in Texas being the proper forum.

However, the circuits are split on what law applies to determine the validity of a forum-selection clause so as to apply *Atlantic Marine*'s analysis to venue transfer. *See Barnett v. DynCorp International, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016); *see In re Union Elec. Co.*, 787 F.3d 903, 906–07 (8th Cir. 2015) (In *Atlantic Marine*, "the Court assumed the existence of a valid forum-selection clause for the purpose of its analysis, thereby providing no direct holding as to when such clauses should be deemed invalid."); *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, No. 16-16187, 2018 WL 359998, *10–11 (11th Cir. Jan. 11, 2018) (The court assumes valid and enforceable are synonymous and consider the factors for determining if a forum selection clause is enforceable.). In diversity cases, courts apply federal law to the enforceability of forum-selection clauses. *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997). A party seeking to overcome the presumption that the forum-selection clause is enforceable must prove the clause is "unreasonable under the circumstances." *Id*. at 963. However, when the court must interpret the forum-selection clause, the court "applies the forum state's choice-of-law rules to determine

4

which substantive law will apply." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016). The Fifth Circuit has not stated if federal or state law applies to determine whether a forum-selection clause is valid. *See Barnett*, 831 F.3d at 301–03.

Kelchner argues state law applies to determine the validity of the forum-selection clause. Kelchner cites two Texas district courts that have considered which law applies to determine a forum-selection clause's validity. *See TSI USA, LLC v. Uber Technologies, Inc.*, Civ. Action No. 3:16-cv-2177-L, 2017 WL 106835, at *2 (N.D. Tex. Jan. 11, 2017) (Horan, MJ.); *See Brown v. Federated Capital Corp.*, 991 F. Supp.2d 857, 861–62 (S.D. Tex. Jan. 6, 2014). Both cases recognized the law is unsettled and decided the motion to transfer not on validity but on contract interpretation, which required state choice-of-law rules to determine which state's substantive law applied. *See TSI USA*, 2017 WL 106835, at *2; *See Brown*, 991 F. Supp.2d at 861–62.

While the parties framed the issue before the court in *TSI USA v. Uber* as one of forum-selection clause validity, the court found the underlying issue was whether the forum-selection clause survived the termination of the contract, which "is a question of scope, not validity." *TSI USA*, 2017 WL 106835, at *2. In an opinion preceding the Supreme Court's *Atlantic Marine* decision, a district court loosely referred to the forum-selection clause issue as one of validity, but the true issue was whether the credit card user was bound to the terms of the contract that contained the forum-selection clause, which substantive law determined. *Brown*, 991 F. Supp.2d at 861–62. The courts in these two cases applied substantive state law because the

5

arguments before the courts were actually contract interpretation issues, not the validity of the forum-selection clause. *See TSI USA*, 2017 WL 106835, at *2; *See Brown*, 991 F. Supp.2d at 861–62.

Because Kelchner does not ask the Court to interpret the contract but argues a state law invalidates the forum-selection clause, the case before the Court is distinguishable from Kelchner's two cited cases. Because the Court does not need to interpret Kelchner and Blue Racer's contract, substantive state law does not apply. Furthermore, Kelchner does not argue the forum-selection clause is unenforceable and the Court sees no basis for such a finding, and so the clause is enforceable. *See Haynsworth*, 121 F.3d at 962.

Moreover, the Fifth Circuit "do[es] not appear to have drawn [a] distinction between validity and enforceability, instead seeming to treat those words as synonymous in the forum-selection clause context." *Barnett*, 831 F.3d at 302. In *Stewart Org., Inc. v. Ricoh Crop.*, the Supreme Court found that a state law prohibiting forum-selection clauses was not determinative in a motion to transfer but was a consideration under the balancing factors in the venue transfer analysis. 487 U.S. 22, 30–31 (1988); *see* 28 U.S.C § 1404(a); s*ee Barnett*, 831 F.3d at 302–03. "The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as [state] law might have it) but rather the consideration for which Congress provided in § 1404(a)." *Stewart Org.*, 487 U.S. at 31.

Thus, the proper place to consider the Ohio statute, if Ohio law even applies, is as a public interest factor under the venue transfer analysis. *See id*; *see* 28 U.S.C. § 1404(a).

## B. The Public Interest Factors Do Not Outweigh the Parties' Contractually Agreed Forum.

Under the transfer venue analysis, the Court deems the private interest factors weigh heavily in favor of the chosen forum because the parties agreed to the valid forum-selection clause, but the court may consider public interest factors. *Atlantic Marine*, 134 S. Ct. at 582. However, public interest factors rarely defeat the agreed upon forum because the party opposing the agreed-to forum must show the public interest factors "overwhelmingly disfavor" that forum. *See Atlantic Marine*, 134 S. Ct. at 582–83.

### 1. Administrative Difficulties Flowing from Court Congestion Favor Texas.

The factor considering administrative difficulties flowing from court congestion favors Texas because the parties will go to trial more quickly here. The Fifth Circuit considers "the speed with which a case can come to trial and be resolved," not just the statistics of the court's case load. *In re Genetech, Inc.*, 566 F.3d 1338, 1347 (5th Cir. 2009). A trial date is already set for later this year before the Court and discovery is almost complete; whereas, transferring the case to Ohio would likely greatly delay the trial in this case. Thus, the court congestion factor favors Texas to ensure a speedy trial. *See id.*

7

2. **Both Texas and Ohio Have a Local Interest in Having the Case Decided at Home.**

This second public interest factor recognizes that localized interests should be decided at home. *LeBlanc v. C.R. England, Inc.* 961 F. Supp.2d 819, 832 (N.D. Tex. 2013) (Boyle, J.). A court has local interest when there is a "relevant factual connection between the events and the venue." *Id*. Blue Racer resides in Texas because its principal place of business is in Dallas, Texas. *See Penrod Drilling Co.*, 414 F.2d at 1221; *see Nayani*, 2007 WL 1062561, *8 (a plaintiff unincorporated entity resides where its principal place of business is located for venue purposes). While Ohio has a localized interest because the pipeline explosion occurred in Ohio, Texas has an interest in the outcome of this case because it concerns a transaction with a Texas resident. *See Tim Moore v. Payson Petroleum Grayson, LLC*, Civ. Action No. 3:17-CV-1436-M-BH, *8 (N.D. Tex. Jan. 23, 2018) (Ramirez, MJ.); *see Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*, 771 F. Supp.2d 680, 711 (S.D. Tex. 2011). Because Texas and Ohio both have a local interest in the case, this factor is neutral. *See id.*

3. **The Familiarity of the Forum and the Avoidance of Unnecessary Problems of Conflict of Laws or the Application of Foreign Law Favors a Texas Forum.**

Kelchner argues Ohio law applies to this case despite the contract's choice-of-law clause which states Texas law shall govern the contract. Sitting in diversity, federal courts apply Texas choice-of-law rules to determine what substantive law applies. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Provident Fin. Inc. v. Strategic Energy L.L.C.*, 404 Fed. Appx. 835, 839 (5th Cir. 2010). Texas

applies the "party autonomy rule," allowing parties to agree to be governed by the law of another state. *Exxon Mobil Corp. v. Drennen*, 452 S.W.3d 319, 324 (Tex. 2014). Texas courts regularly enforce choice-of-law clauses "unless the chosen law has no substantial relationship with the parties or unless there is a state with a materially greater interest in the dispute *and* applying the chosen law is against fundamental policy of the state with materially greater interest." *Grosser v. Red Mango FC, LLC*, Civ. Action No. 3:12-CV-2691-N, 2013 WL 12134086, *7 (N.D. Tex. April 25, 2013) (Godbey, J.); *see DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990). Texas has a substantial relationship with the parties because Blue Racer resides in Texas. *See Gator Apple, LLC v. Apple Tex. Rests., Inc.*, 442 S.W.3d 521, 533 (Tex. App.—Dallas 2014, pet. denied). Thus, the Court must determine if there is a state with a materially greater interest in the dispute and, if so, whether applying Texas law is against a fundamental policy of that state.

Blue Racer's principal place of business is in Dallas, Texas. Blue Racer's employees, including the project manager for the pipeline, are located in Texas. While the Court recognizes the actual pipeline explosion took place in Ohio, this is not enough to persuade the Court that Ohio has a materially greater relationship to this suit than Texas. This case is based on a contract with a bargained-for Texas forum-selection clause and choice-of-law clause entered into by a Texas resident. Texas has a strong interest in enforcing its residents' transactions and contracts. *See TransPerfect Translations, Inc. v. Leslie*, 594 F. Supp.2d 742, 751 (S.D. Tex. 2009). Taking all the

9

facts together there is not enough to persuade the Court at this stage that Ohio has a materially greater relationship to justify ignoring the parties' negotiated and agreed upon choice-of-law. Thus, Texas law applies at this stage in the case, and the last two public interest factors favor the Texas forum.

IV. Conclusion

Because the forum-selection clause is valid and Kelchner has not overcome the high burden of showing the public interest factors overwhelmingly disfavor the bargained-for forum, the Court **DENIES** Kelchner's motion to transfer venue.

**SO ORDERED.**

Signed on February 21st, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE